IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV83-1-MU

| | |
|---|---|
| DANNY LYNN SNIDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| RICK JACKSON, admin., ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Petition for a Writ of Habeas Corpus and upon Petitioner's Application to Proceed In Forma Pauperis, both filed July 14, 2009.

A Petition for a Writ of Habeas Corpus requires a filing fee of $5.00. After reviewing the affidavit in support of the application to proceed in forma pauperis, the Court concludes that the Petitioner is unable to pay the filing fee. Accordingly, his motion to proceed in forma pauperis is granted.

According to the information filed by Petitioner in his federal habeas form, he was convicted of First Degree Murder in Lincoln County Superior Court and sentenced to life imprisonment without parole. Petitioner directly appealed his sentence and conviction to the North Carolina Court of Appeals which affirmed his sentence and conviction on March 1, 2005. State v. Snider, 168 N.C. App. 701 (2005). On June 30, 2005, the North Carolina Supreme Court denied Petitioner's appeal from the court of appeals' decision. State v. Snider, 359 N.C.

641 (2005).

On or about June 12, 2008, Petitioner filed a Motion for Appropriate Relief (MAR) in the Superior Court of Lincoln County which was denied on June 23, 2008.[1] On September 8, 2008, the North Carolina Court of Appeals denied Petitioner's appeal of the denial of his MAR. On May 29, 2009, Petitioner filed a second MAR with the Lincoln Superior Court. Petitioner states that his second MAR was also denied but does not give a date. On July 14, 2009, Petitioner filed the instant federal habeas petition with this Court.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect. The AEDPA amended § 2254 to include a one-year limitation on the filing of a motion. 28 U.S.C. § 2244(d)(1). Pursuant to AEDPA, the limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitation period, however, is tolled for the period during which a properly filed state post-conviction action is pending. 28 U.S.C. § 2244(d)(2).

---

[1] In 2006, Petitioner filed a federal habeas petition with this Court (5:06CV61). Because it was dismissed without prejudice for failure to exhaust, the successive provision of AEDPA does not preclude Petitioner from filing the instant federal habeas petition.

As stated above, on June 30, 2005, the North Carolina Supreme Court denied Petitioner's petition seeking discretionary review of the North Carolina Court of Appeals denial of his direct appeal. Petitioner then had ninety days in which to petition the United States Supreme Court for certiorari review. Petitioner did not seek such review and therefore his conviction became final on September 29, 2005, at the expiration of the ninety days. See 28 U.S.C. § 2244(d)(1)(A)(providing that judgment becomes final by conclusion of direct review or expiration of time for seeking direct review).

Petitioner's limitation period therefore began to run on September 29, 2005, and continued to run until it expired on September 30, 2006. Because Petitioner did not file his Motions for Appropriate Relief (MAR) until after that date they did not operate to toll the limitation period.. See Harris v. Hutchinson, 209 F.3d 325, 327-28 (4th Cir. 2000). Because Petitioner filed the instant federal habeas petition well over two and a half years after his conviction became final, this Court finds that Petitioner's federal habeas petition is untimely.

In response to the form petition's request for an explanation as to why his federal habeas petition should be considered timely filed if his conviction became final over one year ago, Petitioner responded that "I didn't have all of my discovery materials and transcript."[2] Petitioner

---

[2] In Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), the United States Court of Appeals for the Fourth Circuit concluded that "when a federal habeas court, prior to trial, perceives a pro-se § 2254 petition to be untimely and the state has not yet filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal . . . absent a sufficient explanation . . . ." The Fourth Circuit premised its holding on Hill on the fact that a pro se petitioner is unlikely "to preempt an anticipated statute of limitations defense by including facts to show that the petition is timely." Id. at 707. In the instant case, the federal habeas petition form set forth AEDPA's limitation period and asked Petitioner to state why the limitation period did not bar his petition. Petitioner provided an argument as to why his petition should be considered timely filed. Accordingly, given the fact that Petitioner had the opportunity to address the timeliness of his petition -- albeit unsuccessfully -- the Court concludes that it need not provide

3

does not allege Government interference with his ability to obtain these documents. As such, his explanation does not establish under AEDPA that his limitation period should run from the removal of a Government impediment. 28 U.S.C. § 2244(d)(1)(B). Likewise, Petitioner's assertion that he did not have all of his discovery materials or transcripts does not support a finding that the factual predicate for his habeas claims could not have been discovered earlier with due diligence. 28 U.S.C. § 2244(d)(1)(D). In particular, the Court notes that Petitioner would be aware of any factual predicate arising from his trial as he was present at trial. In conclusion, this Court finds that Petitioner fails to articulate any basis for finding that his federal habeas petition should be considered timely filed.

Nor would Petitioner's explanation warrant equitable tolling. When considering equitable tolling arguments a court must be mindful that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Consequently, equitable tolling is available only in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. Equitable tolling is appropriate when, but only when, "extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. Petitioner has not established that his limitation period should be equitably tolled.

---

Petitioner with any additional opportunities to address such matters. In addition, this Court notes that this case is inapposite to the "narrow circumstances" found by the Fourth Circuit in Bilal v. State of North Carolina, No. 06-6677, 2008 WL 2787702 (4th Cir. July 18, 2008). In the instant case, Petitioner's habeas petition is untimely by a large time frame. In addition, Petitioner substantively responded to the form question as to why his petition should be considered timely filed.

4

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> is **GRANTED**; and

2. Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** as untimely.

Signed: August 5, 2009

Graham C. Mullen
United States District Judge